## CAVANAUGH v MAHONING NATL BANK

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 19, 1934

Henderson, Wilson, Mason & Wyatt, for plaintiff in error.

Harrington, Huxley & Smith, Youngstown, for defendant in error.

KLINGER and GUERNSEY, JJ, (3dr Dist) sitting by designation.

## OPINION

By ROBERTS, J.

Concededly the original petition was de-fective. It did not allege the ordinance of the city hereinbefore stated, and under the common law the defendant was under no duty to light the building. The plaintiff contends that he had a right to file the amended petition, incorporating and pleading the ordinance, for two reasons, namely, "That the pleading of the ordinance merely extended and enlarged upon the allegations contained in his original petition did not constitute a substantial departure from the original cause of action, or substitute a new cause of action in lieu of that contained in the original petition. Second, that plaintiff, after defendant's demurrer to his original petition had been sustained, had one year within which to commence an action against defendant."

It is claimed to have been reversible error by the Court of Common Pleas in striking the amended petition from the files; that the amended petition having inserted therein an allegation of a city ordinance requiring buildings of this nature to be lighted, did not constitute a departure, and in view of the provisions of §11363 GC, plaintiff had a right to file an amended petition. This section reads as follows:

"Before or after judgment in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or proceedings to the facts proved."

It is contended by plaintiff that this statute covers this issue, and having failed otherwise than on the merits, he had a right to amend as was done in this case.

A comparison of the two petitions indi-

cates that each had the same plaintiff and defendant, that he sought to recover upon the same accident, and that they differed only in the amended petition pleading the city ordinance, the original petition being concededly defective in not indicating a right of the plaintiff to recover otherwise.

It is said that the trial court rendered judgment in favor of the defendant upon the theory that the amended petition had departed from the cause of action as set forth in the original petition. After a careful consideration of this case, including the authorities cited, we are of the opinion that the case of **Railway Company v Green, 113 Oh St, 562,** is decisive of the issues in this case. The issues in that case are stated in syllabus as follows:

"1. Suit was brought in an Ohio court for wrongful death resulting from injuries sustained in the state of Kentucky. The petition did not set forth any Kentucky statute authorizing recovery of damages therefor in that state. After trial and verdict a new trial was granted, and the plaintiff given leave to file an amendment to her petition setting forth a statute of Kentucky authorizing recovery of damages for wrongful death.

2. Since the action could not have been based upon any common law liability, an amendment to the petition setting forth such Kentucky statute was not a new, independent, or substituted cause of action; and was not a departure from the action commenced. It sought merely to cure a defect in the original pleading by supplying a missing allegation.

3. Under §11363, GC, such amendment may be made after the period of limitation has expired, provided the action was commenced within that period. Such amendment relates back to the time of the commencement of the action."

In the opinion it is said:
"Probably in no state in the Union is there a more liberal or comprehensive grant of power given to the courts to permit amendments 'in furtherance of justice' than the section quoted. In **Spice v Steinruck, 14 Oh St, 213,** this court held that the restriction upon amendments in that section of the Code that a proposed amendment 'must not change substantially the claim or defense' does not refer to the form of the remedy 'but to the general identity of the transaction forming the cause of complaint'.

"The question presented here for decision is whether, under the statutes of Ohio re-

lating to amendments and procedure, the trial court erred in permitting the plaintiff below to amend her petition as stated, and, as a corollary thereto, whether, if the petition were amendable (since it is claimed that under the Kentucky statute of limitations the action must be begun within one year) such amendment could be made after the period of limitation for bringing the action under the Kentucky statute had expired. The answer to the second question rests upon the conclusion of this court whether the amendment to the original petition substituted a new, different, or independent cause of action, and was thus a departure from the action as first brought. For, if no new or distinct cause of action is set forth in the amendment, we think that by the overwhelming weight of authority an amendment to the action may be made after the period of limitation has run, provided the original action was commenced in due time. In such case the amendment relates back to the commencement of the action."

"In the instant case the general identity of the transaction is the same. The proof that will be adduced at the next trial relating to the circumstances causing the accident will be substantially similar to that offered in the first trial. It will be the same accident, the same death, the same parties prosecuting the case. The only defect in the pleading was a want of allegation and proof that a statute in Kentucky existed permitting the maintenance of the action, but in our opinion no new or independent cause of action was substituted by the amendment, and there was no departure from the original pleading. If it be conceded that in actions for wrongful death the statutory limitations for bringing them is a part of the cause of action. it may be said that this action was brought within the statutory time, and the only purpose of the amendment was an amplification of the petition by showing the existence of another fact, viz., that the state of Kentucky, where the accident occurred, had passed a statute permitting the recovery of damages for wrongful death, thereby authorizing the Ohio court to enforce such 'right of action' in this state under the provisions of §10770, GC."

"We are therefore constrained to the conclusion that the amendment permitted to be filed was not a new, independent or distinct cause of action from that set forth in the original petition; that the missing fact required to be pleaded and proven, notably the Lord Campbell Act of Kentucky, was merely a defect in pleading,

which made the latter subject to demurrer unless amended; that plaintiff having properly commenced her action against the defendant below, the amendment could be made after the period of limitation had expired, and would relate back to the commencement of the action; and that, under the broad and liberal power given · by the Ohio statute, such amendment could in no wise substantially prejudice the defendant below."

This case of Railroad Company v Greene is the last declaration of the Supreme Court upon the issues involved in this case, and in our opinion is decisive upon the issue; in fact, it is exceedingly rare that an authority may be found so closely in point. This court feels constrained to, and accordingly does therefore, reverse and remand this case for the prejudicial error of the Court of Common Pleas in sustaining the motion striking the amended petition from the files.

Judgment reversed.

KLINGER and GUERNSEY, JJ. concur in the judgment.